IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHONSO THOMAS,           :
                           :
        Plaintiff          :      CIVIL NO. 1:14-CV-02316
                           :
     vs.                   :
                           :
ELLEN MACE-LEIBSON,        :      (Judge Rambo)
et al.,                    :
                           :
        Defendants         :

## MEMORANDUM

## Background

On December 5, 2014, Alphonso Thomas, an inmate confined at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill") filed this Bivens-styled action pursuant to 28 U.S.C. § 1331.[1]  The named defendants are the following individuals presently or formerly employed at the FCI-

---

1.  28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977), stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

Schuylkill: (1) Ellen Mace-Leibson, D.O., Clinical Director; (2) Joseph Rush, a physician assistant; (3) David Steffan, a physician assistant who was Thomas' assigned mid-level practitioner; (4) Mark McDowell, D.M.D., Chief Dental Officer; (5) Michelle Bedford, a dental hygienist; (6) H. Song, D.D.S.; (7) Jeremy Simonson, Health Services Administrator; (8) Douglas McClintock, Assistant Health Services Administrator; (9) a "John Doe" health care provider; and (10) a "Jane Doe" health care provider.  In the complaint Thomas alleges that he received inadequate medical and dental care in violation of his rights under the Eighth Amendment to the United States Constitution. He contends that the defendants were deliberately indifferent to his serious medical and dental needs.  The named defendants were served with the complaint and on June 22, 2015, filed a motion to dismiss and/or for summary judgment. Doc. 22.  The defendants filed a brief in support and a statement of material facts along with evidentiary materials on July 2, 2015. Docs. 25 & 26.  On November 3, 2015, Thomas filed a brief in opposition, a response to Defendants' statement of material facts and his own

declaration under penalty of perjury and other
evidentiary materials.  Defendants' motion became ripe
for disposition when they filed a reply on November 17,
2015.

Defendants in support of the motion to dismiss
and/or for summary judgment make the following four
arguments:

(1) The Court lacks subject matter jurisdiction
over Thomas' claims against Defendant, Dr.
McDowell, because he is statutorily immune from
suit as 42 U.S.C. § 233(a) "precludes <u>Bivens</u>
actions against Public Health Service personnel
for constitutional violations arising out of
their official duties." <u>Hui v. Castaneda</u>, 559
U.S. 799 (2010);

(2) Defendants Simonson and McClintock should
be dismissed from this action because Thomas
failed to set forth any facts indicating that
they had any personal involvement in his
medical care:

(3) Thomas' medical care, facial nerve pain claims, are time-barred because there is a statute of limitations of two years for the Bivens-claims and the record establishes he last complained of facial nerve pain in June, 2012; and

(4) Thomas's remaining medical and dental claims are without merit because the Defendants provided him with medical and dental care and they were not deliberately indifferent to his medical and dental needs.[2]

---

2. Claims based upon the Cruel and Unusual Punishments Clause have both objective and subjective components. Wilson v. Seiter, 501 U.S. at 298. Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. Id. The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind". Id.

The objective component of an Eighth Amendment medical care claim, i.e., whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1 (1992). A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d

(continued...)

---

2.  (...continued)
Cir.  1987); <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th
Cir. 1980), <u>cert. denied</u>, 450 U.S. 1041 (1981); <u>West v.
Keve</u>, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978).  The
serious medical need element contemplates a condition
of urgency, one that may produce death, degeneration,
or extreme pain.  <u>See</u> <u>Monmouth County Correctional
Institution Inmates v. Lanzaro</u>, 834 F.2d at 347; <u>Archer
v. Dutcher</u>, 733 F.2d 14, 16-17 (2d Cir. 1984); <u>Todaro
v. Ward</u>, 565 F.2d 48, 52 (2d Cir. 1977).

   Assuming, without deciding, that Thomas'
medical need was serious in the constitutional sense,
the evidentiary materials submitted in support of
Defendants' motion and Thomas' declaration illustrate
that Thomas received medical attention.  At best,
Thomas' averments demonstrates his disagreement with
the scope and extent of treatment by the attending
medical and dental professionals.  Thomas' disagreement
with the course of treatment, however, does not serve
as a predicate to liability under the Eighth Amendment.
<u>See</u>, <u>White v. Napoleon</u>, 897 F.2d at 108-110(No
deliberate indifference claim is stated when a doctor
disagrees with the professional judgment of another
doctor since "[t]here may, for example, be several
acceptable ways to treat an illness."); <u>Inmates of
Allegheny County Jail v. Pierce</u>, 612 F.2d at 762(claim
for deliberate indifference does not arise just because
one doctor disagrees with the diagnosis of another).
Furthermore, a complaint that a physician or a medical
department was  "negligent in diagnosing or treating a
medical condition does not state a valid claim of
medical mistreatment under the Eighth Amendment."
<u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Thomas'
averments and the evidentiary materials establish
meaningful efforts by the defendants to provide Thomas
with necessary medical and dental care, and an
attendant mental state that falls short of deliberate
indifference.

On November 27, 2015, Thomas filed a motion entitled "Motion to Extend Time to File Reply Brief to Defendants' Reply Brief in Support of Motion to Dismiss and Motion for Summary Judgment."  In the motion Thomas basically concedes that Defendants' motion to dismiss and/or for summary judgment has merit and requests that he be granted leave and an extension of time to file an amended complaint under the Federal Tort Claims Act naming the United States as the only Defendant.[3]

The present action as stated above was filed on December 5, 2014.  The record reveals and Defendants admit that Thomas exhausted his FTCA administrative remedies on July 20, 2015, when the Northeast Regional Office of the Federal Bureau of Prison denied his administrative appeal.  The denial letter from Michael

_____

3.  The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates.  United States v. Muniz, 374 U.S. 150, 150 (1963).  In presenting a FTCA claim, a plaintiff must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss.  Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd 306 F.2d 713 (3d Cir. 1962), cert. denied, 371 U.S. 923 (1962).

D. Tafelski, Regional Counsel, dated July 20, 2015,

which is attached as an exhibit to Thomas' response to

Defendants' statement of material facts states in toto

as follows:

> Your Administrative Claim No. TRT-NER-2015-1931, properly received on January 22, 2015, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30.  Damages are sought in the amount of $4,000,000 based on a personal injury claim.  Specifically, you allege FCI Schuylkill staff has not provided you with adequate medical and dental care in relation to trigeminal neuralgia[4] and dental care resulting in continuous pain and unnecessary teeth extractions.
>
> An investigation, including review of your medical records, shows FCI Schuylkill staff evaluated your dental health on numerous occasions.  After initially refusing, you eventually consented to having your teeth removed due to poor oral hygiene and decay.

---

4.  "Trigeminal neuralgia is a chronic pain condition that affects the trigeminal nerve, which carries sensation from your face to your brain. If you have trigeminal neuralgia, even mild stimulation of your face - such as from brushing your teeth or putting on makeup - may trigger a jolt of excruciating pain. You may initially experience short, mild attacks. But trigeminal neuralgia can progress and cause longer, more-frequent bouts of searing pain." Trigeminal neuralgia, Definition, Mayo Clinic Staff, http://www.mayoclinic.org/diseases-conditions/trigeminal-neuralgia/basics/definition/CON-20043802 (Last accessed November 30, 2015).

> After extraction, your Patient Care Provider
> team at FCI Schuylkill saw you several times
> and you did not complain about dental pain.
> Your Bureau of Prison medical records do not
> show that you have been diagnosed with
> trigeminal neuralgia.[5]  There is no evidence
> that you experience a compensable loss as the
> result of negligence on the part of any Bureau
> of Prisons employee.  Accordingly, your claim
> is denied.
>
> If you are dissatisfied with this decision,
> you may bring an action against the United
> States in an appropriate Unites States District
> Court within six (6) months of the date of this
> memorandum.

Doc. 34-1, at 4.  The Defendants only argument against allowing Thomas to file an amended complaint under the FTCA is that the present action was filed prior to his exhausting his FTCA administrative remedies and rely on the cases of McNeil v. United States, 508 U.S. 106, 11-112 (1993) and Accolla v. United States, 369 Fed. Appx. 408, 409-410 (3d Cir. 2010).  However, reliance on those case is misplaced because the McNeil case dealt with the situation where the original complaint filed raised a claim only under the FTCA and the Accolla case under

---

5.  The record reveals a declaration from Dr. Mace-Leibson in which she states that she diagnosed Thomas on January 9, 2012, as suffering from trigeminal neuralgia. Doc. 25-1, at 7.

both the FTCA and <u>Bivens</u>.  The cases did not deal with the situation where a court dismissed the original complaint raising only a <u>Bivens</u> claim with leave to file an amended complaint raising an FTCA claim after the exhaustion of administrative remedies.  Consequently, the court will grant defendants motion to dismiss and/or for summary judgment but grant Thomas leave to file an amended complaint setting forth a claim under the FTCA.[6]

    An appropriate order will be entered.


                          s/Sylvia H. Rambo
                          United States District Judge



Dated: December 1, 2015


---

6.  Defendants have also noted that if the court grants Thomas leave to amend, Thomas is required to file a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3 for any medical malpractice action against the United States.  That requirement, however, does not prevent the court from granting Thomas leave to file an amended complaint raising an FTCA medical malpractice claim.  Under Rule 1042.3 Thomas has sixty days from the filing of the malpractice claim to file the certificate of merit.