IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHONSO THOMAS,             :
                             :
        Plaintiff            :     CIVIL NO. 1:14-CV-02316
                             :
    vs.                      :
                             :
ELLEN MACE-LEIBSON,          :     (Judge Rambo)
et al.,                      :
                             :
        Defendants           :

## MEMORANDUM

## Background

On December 5, 2014, Alphonso Thomas, an inmate formerly confined at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill")[1] filed a Bivens-styled action pursuant to 28 U.S.C. § 1331.  The named defendants were several individuals presently or formerly employed at the FCI-Schuylkill. In the complaint Thomas alleged that he received inadequate medical and dental care in violation of his rights under the Eighth Amendment to

---

1. Thomas is presently in the custody of the Bureau of Prisons' Residential Reentry Management program located in Washington, D.C.  The Bureau of Prisons' online inmate locator indicates that Thomas is scheduled to be released on April 1, 2017.

the United States Constitution. He contended that the defendants were deliberately indifferent to his serious medical and dental needs.  The named Defendants were served with the complaint and on June 22, 2015, filed a motion to dismiss and/or for summary judgment. (Doc. 22.)  By memorandum and order of December 1, 2015, the court granted Defendants motion to dismiss and/or for summary judgment. (Doc. 37, 38.)  Specifically, Thomas's complaint was dismissed with leave to file an amended complaint raising a claim of medical and dental malpractice solely against the United States under the Federal Tort Claims Act ("FTCA").[2]  On January 12, 2016,

---

2.  The FTCA provides a remedy in damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of [the United States] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  In cases involving federal prisoners, this court has recognized that the government's duty of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443.  In presenting a FTCA claim in this jurisdiction, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury or loss.  Mahler v. United
(continued...)

Thomas filed an amended complaint against the United States in which he claims that staff at FCI-Schuylkill provided him with negligent medical and dental care. On April 29, 2016, the United States filed a motion to dismiss the amended complaint based on Thomas' failure to file an appropriate Certificate of Merit ("COM") pursuant to Pennsylvania Rule of Civil Procedure 1042.3. The motion is fully briefed and for the reasons set forth below will be granted.

**Motion to Dismiss**

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the

---

2. (...continued)
<u>States</u>, 196 F. Supp. 362, 364 (W.D. Pa. 1961), <u>aff'd</u> 306 F.2d 713 (3d Cir. 1962), <u>cert.</u> <u>denied</u>, 371 U.S. 923 (1962). As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency.

The court incorporates herein the reasoning set forth in the memorandum of December 1, 2015. The court noted in the memorandum that Thomas had sixty (60) days from the filing of the malpractice claim to file a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3.

complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868,___(2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court  "'is not bound to

4

accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

Although the court is generally limited in its review to the facts contained in the complaint, it may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).

A court may dismiss a case when a plaintiff fails to file the required COM. See, e.g., Stroud v.

Abington Mem. Hosp., 546 F.Supp.2d 238, (E.D.Pa.2008);
Bresnahan v. Schenker, 498 F.Supp.2d 758, 762
(E.D.Pa.2007); McElwee Group, LLC v. Mun. Auth. of
Elverson, 476 F.Supp.2d 472, 475 (E.D.Pa.2007) (holding
that "failure to submit the certificate is a possible
ground for dismissal by the district court, when
properly presented to the court in a motion to dismiss).

**Discussion**

It is well-settled that a federal district court
in considering a FTCA action must apply the law of the
state, in this case Pennsylvania, in which the alleged
tortious conduct occurred.  28 U.S.C. § 1346(b) (1996);
Toole v. United States, 588 F.2d 403, 406 (3d Cir.
1978); O'Neal v. Department of Army, 852 F. Supp. 327,
334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp.
441, 443 (M.D. Pa. 1987).  In cases involving federal
prisoners, this court has recognized that the
government's duty of care is one of ordinary diligence.
See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443.  The
applicable law with respect to the burden and quantum of
proof under the FTCA remains that of the state in which

the alleged tortious conduct occurred.  <u>Hosic v. United States</u>, 682 F. Supp. 23, 25 (M.D. Pa. 1987). In order to present a prima facie case of medical malpractice under Pennsylvania law, "as a general rule, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." <u>Simpson v. Bureau of Prisons</u>, No. 02-2213, 2005 WL 2387631, at *5 (M.D.Pa. Sept.28, 2005) This requirement is imposed upon malpractice plaintiffs like Thomas by Pennsylvania Rule of Civil Procedure 1042.3, which requires the filing a valid certificate of merit along with the professional negligence claim.  Furthermore, the requirement of filing the certificate is clearly applicable to not only diversity cases under 28 U.S.C. § 1332 but cases brought pursuant to 28 U.S.C. § 1331 and the FTCA.  <u>See</u> <u>Smith v. United States</u>, 498 F. App'x 120, 121 (3d Cir. 2012).[3]

---

3.  The Court of Appeals stated that "[t]he FTCA

(continued...)

The present action as stated above was filed on December 5, 2014, and the amended complaint was filed on January 12, 2016.  The record reveals and Defendants admit that Thomas exhausted his FTCA administrative remedies on July 20, 2015, when the Northeast Regional Office of the Federal Bureau of Prison denied his administrative appeal.  In the administrative tort claim Thomas alleged that staff at FCI-Schuylkill failed to provided him with adequate medical and dental care for

---

3.  (...continued)
requires a court to apply the tort laws of the state in which the alleged tort arose. Here, the alleged tort of medical malpractice occurred in Pennsylvania and Pennsylvania's law applies. Pennsylvania law requires a plaintiff alleging medical malpractice to file a COM. The certificate must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, or that expert testimony of an appropriate licensed professional is unnecessary. This requirement is a substantive rule and applies even where, as here, the claim is brought in federal court."  498 F. App'x at 121-122 (citations omitted).

trigeminal neuralgia[4] and dental caries resulting in continuous pain and unnecessary teeth extractions.

The United States argue that Thomas' FTCA claim against it should be dismissed for failure to file an appropriate COM. Under Rule 1042.3(a) a party filing an action based upon an allegation of professional negligence is required to file a COM stating that

> (1) an appropriate licensed professional has has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was the cause in bringing about harm, or

> *     *     *     *     *     *     *     *     *     *     *

> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

---

4.  "Trigeminal neuralgia is a chronic pain condition that affects the trigeminal nerve, which carries sensation from your face to your brain. If you have trigeminal neuralgia, even mild stimulation of your face - such as from brushing your teeth or putting on makeup - may trigger a jolt of excruciating pain. You may initially experience short, mild attacks. But trigeminal neuralgia can progress and cause longer, more-frequent bouts of searing pain." Trigeminal neuralgia, Definition, Mayo Clinic Staff, http://www.mayoclinic.org/diseases-conditions/trigeminal-neuralgia/basics/definition/CON-20043802 (Last accessed February 7, 2017).

On March 2, 2016, within sixty days of the filing of the
amended complaint Thomas filed a COM which states in
toto as follows:

> PLEASE TAKEN (sic) NOTICE, that Plaintiff,
> Alphonso Thomas, states that a Certificate
> of Merit ("COM") is not required to prosecute
> his Federal Tort Claim Action under 28 U.S.C.
> § 2671 because this Court has exclusive, not
> diversity, jurisdiction over such claims against
> the United States, and expert testimony by
> an appropriate medical professional is
> unnecessary for prosecution of the tort claims.

(Doc. 44.)

Pursuant to Pa. R. Civ. P. 1042.3, a plaintiff
is required to file a COM from a medical expert with
respect to a professional negligence claim against the
United States or as provided in subsection (a)(3)
indicate that expert testimony is not necessary because
it is the type of case that does not require expert
testimony because the alleged wrongdoing can be assessed
by laymen.  Subsection (a)(3) is only applicable when
the case "is so simple or the lack of skill or care so
obvious as to be within the range of experience and
comprehension of even non-professional persons."
Hightower-Warren v. Silk, 698 A.2s 52, 54 n.1 (Pa.

1997)(citation omitted).  This case involves a question
of the medical judgments of the staff who treated Thomas
at FCI-Schuylkill.  Based on the allegations in the
amended complaint it is clear that this is not a case
that can be decided by the trier of fact without the
benefit of expert testimony.  Thomas is arguing the
adequacy of the medical and dental treatment that he
received and an underlying factor in this case involves
the professional judgment of those individuals who
treated Thomas.

     Consequently, Thomas' amended complaint which
raises professional negligence claims against the
United States will be dismissed for failure to file a
COM indicating that an appropriate licensed professional
has supplied a written statement that there
exists a reasonable probability that the care, skill or
knowledge exercised or exhibited in the treatment,
practice or work that is the subject of the amended
complaint, fell outside acceptable professional

standards and that such conduct was the cause in bringing about harm to him.

        An appropriate order will be entered.


                                 s/Sylvia H. Rambo
                                SYLVIA H. RAMBO
                                United States District Judge


Dated: February 15, 2017